T.C. Memo. 2008-18

UNITED STATES TAX COURT

JOZSEF AND ZSUZSANNA BALLA, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13632-06.            Filed January 31, 2008.

<u>Ellin Vicki Palmer</u>, for petitioners.

<u>Valerie L. Makarewicz</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined deficiencies of $4,146
and $2,635 in petitioners' Federal income tax for 2002 and 2003,
respectively.  After concessions by the parties, the issues for
decision are:

(1) Whether for the years in issue petitioners may deduct at Federal per diem rates meal expenses that Jozsef Balla (petitioner) did not pay for or incur;

(2) whether petitioners may deduct incidental expenses at Federal per diem rates for 2003;

(3) whether petitioners may deduct mileage expenses for travel to and from a firefighting school in April 2002;

(4) whether petitioners are entitled to deductions for other job-related and miscellaneous expenses in 2002 and 2003.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioners resided in Sarasota, Florida, at the time they filed their petition.

Petitioner was employed by Hornbeck Offshore Operators (Hornbeck) as a merchant sailor during the years in issue. Hornbeck did not provide petitioner with a per diem cash allowance for work-related meals or incidental expenses. When petitioner was assigned to a vessel and on active status, Hornbeck provided him with meals and lodging without charge.

Hornbeck also provided petitioner with uniforms and safety equipment (including work vest, hard hat, safety goggles, safety glasses, rain slicker, and flashlight) that it required for its employees. Petitioner was also required to wear steel-toe boots, which were not provided by Hornbeck. Hornbeck did not provide or require its employees to have cell phones or pagers.

In April 2002, petitioner attended a firefighting school in Fort Lauderdale, Florida. Hornbeck did not require or pay for petitioner to attend the firefighting school; rather, petitioner's tuition was paid by his union. He drove his own car to Fort Lauderdale from his home in Sarasota to attend the firefighting school. Petitioner recorded the dates, location, and purpose of his trip to Fort Lauderdale on his personal calendar for 2002. He did not keep any record regarding the mileage traveled on his trip to the firefighting school, but the parties have agreed that the one-way trip from petitioner's home in Sarasota to Fort Lauderdale is approximately 209 miles.

Under Job Expenses and Most Other Miscellaneous Deductions on their Schedule A, Itemized Deductions, for 2002, petitioners claimed the following deductions:

| | |
|---|---|
| Unreimbursed employee expenses | $18,509 |
| Tax preparation fees | 1,190 |
| Other expenses | 3,143 |

Respondent allowed the deduction for tax preparation fees in 2002. Petitioners also attached an extensive compilation of

documents entitled "Sailor Travel Statement" to substantiate their claim to unreimbursed employee expenses. The Sailor Travel Statement includes the "Supplemental Tug/Barge Sailor Travel Schedule" reproduced below, authorities upon which petitioners rely in support of their tax position, a 2002 port list for the Yabucoa vessel, and a schedule listing ports where petitioner purportedly was stationed on particular dates in 2002. The Supplemental Tug/Barge Sailor Travel Schedule, with original emphases, that petitioners attached to their 2002 return is reproduced in part below:

> Taxpayer is a **Merchant Sailor** assigned to work aboard a Tug Boat traveling between ports located on the Atlantic Ocean and therefore qualifies per attached **Rev Proc 2001-47's "Transportation Industry Employees"** and attached **MARIN JOHNSON TAX COURT DECISION & IRS Publication 463 (Chapter 1 Page 5)** to compute his **DEEMED SUBSTANTIATED** Out-of-Town Travel Costs by using attached Pub 1542's Standard Foreign OCONUS Rates for **EACH CITY** as follows:

| | | | |
|---|---|---|---:|
| 80 Days x | $75 | Guayama <San Juan>, Puerto Rico | 6,000. |
| 39 Days x | $75 | Arecibo <San Juan>, Puerto Rico | 2,925. |
| 44 Days x | $57 | Guayaquil, Ecuador | 2,508. |
| 25 Days x | $76 | St. Croix, Virgin Islands | 1,900. |
| 33 Days x | $57 | Mayaguez <Other>, Puerto Rico | 1,881. |
| 18 Days x | $75 | San Juan, Puerto Rico | 1,350. |
| 4 Days x | $75 | Aguirre <San Juan>, Puerto Rico | 300. |
| 5 Days x | $57 | Yabaccoa <Other>, Puerto Rico | 285. |

> ```
>                                                          --------
> Total Sailor Travel Costs Allowed per OCONUS Rates        17,149.
> LESS EMPLOYER PROVIDED REIMBURSEMENTS                     <2,852>
>                                                          --------
> Sailor Travel Allowance in Excess of Reimbursements       14,297.
> ```

> As a **MERCHANT SAILOR**, taxpayer was **_required_** by his employer to travel to various locations to meet his ships. **Per IRS Rev Rul 99-7 and attached Marin Johnson Tax Court Decision,** his auto mileage and possibly other travel-related costs are **FULLY DEDUCTIBLE** as follows:

```
    8 Days x  $205 Boston, Massachusetts          =  1,640.
    5 Days x  $142 Fort Lauderdale, Florida        =    710.
      Rental Cars & Other Travel Related Costs      =  1,175.
```

Taxpayer also took a **Sailor Continuing Education Program.**  This additional Rating is deductible since he already has other SAILOR ratings and this course does NOT qualify him for a new occupation. **Note the Union paid the tuition in full.  This is related Educational Travel Expenses ONLY.**

```
    Total Mileage: 563 miles x $.365                =    205.
    6 Days x  $42 Fort Lauderdale, Florida          =    252.
    5 Days x  $46 New York City <Manhattan>, NY     =    230.
                                                         -------
Total Tax Court & IRS Allowed Sailor Travel              18,509.
& Auto Mileage                                           =======
```

Petitioners concede that they are not entitled to deductions for any of the mileage or rental car expense deductions claimed for 2002 except the $205 claimed for the round trip mileage from petitioner's home in Sarasota to Fort Lauderdale, Florida, where petitioner attended the firefighting school in April 2002. Respondent concedes that petitioners are entitled to a miscellaneous itemized incidental expenses deduction for 2002 equal to the per diem rates then applicable.  Respondent performed those calculations according to methods established by relevant revenue procedures.

In a statement attached to their 2002 return, petitioners listed their "other expenses" as follows:

```
    Sailor Req'd Medicals                     $155
    Sailor Req'd Phone/Pager                 2,345
    Sailor Req'd Supplies                      643
```

They provided no receipts, other documentation, or explanations to substantiate the amounts or business purposes of the expenses claimed.

On their 2003 return, petitioners claimed and respondent disallowed the following itemized deductions under Job Expenses and Most Other Miscellaneous Deductions:

```
Unreimbursed employee expenses           $16,173
Tax preparation fees                         595
Other expenses--Sailor Req'd Phone/Pager   1,282
```

Petitioners again attached a Sailor Travel Statement to their 2003 return to substantiate their claim to unreimbursed employee expenses for that year.  It included the Supplemental Tug/Barge Sailor Travel Schedule reproduced below, the same authorities as they had attached to their 2002 return, a 2003 port list for the Yabucoa vessel, and a schedule listing ports where petitioner purportedly was stationed on particular dates in 2003.  The Supplemental Tug/Barge Sailor Travel Schedule, with original emphases, that petitioners attached to their 2003 return is reproduced in part below:

> Taxpayer is a **Merchant Sailor** assigned to work aboard a Tug Boat traveling between ports located on the Atlantic Ocean and therefore qualifies per attached **Rev Proc 2002-63's "Transportation Industry Employees"** and attached **MARIN JOHNSON TAX COURT DECISION & IRS Publication 463 (Chapter 1 Page 5)** to compute his **DEEMED SUBSTANTIATED** Out-of-Town Travel Costs by using attached Pub 1542's Foreign OCONUS Rates and Domestic CONUS Rates for **EACH CITY** as follows:

```
68 Days x  $87 Sat. Croix, Virgin Islands     =  5,916.
40 Days x  $75 Aguirre <San Juan>, Puerto Rico =  3,000.
25 Days x  $75 Guayama <San Juan>, Puerto Rico =  1,875.
21 Days x  $75 Arecibo <San Juan>, Puerto Rico =  1,575.
30 Days x  $42 Kingston, New York             =  1,260.
19 Days x  $50 New York City <Manhattan>, NY   =    950.
12 Days x  $66 Puerto Plata, Dominican Rep.    =    792
14 Days x  $46 New Orleans, Louisiana          =    644.
 7 Days x  $75 Mayaguez <San Juan>, Puerto Rico =   525.
 6 Days x  $75 San Juan, Puerto Rico           =    450.
 5 Days x  $50 Brooklyn, New York              =    250.
 3 Days x  $75 Yabucoa <San Juan>, Puerto Rico =    225.
 2 Days x  $38 Delaware City <Wilmington>, DE  =     76.
                                                  -------
Total Sailor Travel Costs Allowed per OCONUS & CONUS Rates   17,538.
LESS EMPLOYER PROVIDED REIMBURSEMENTS                        <2,772>
                                                             -------
Sailor Travel Allowance in Excess of Reimbursements          14,766.
```

As a **MERCHANT SAILOR**, taxpayer was *__required__* by his employer to travel to various locations to meet his ships. **Per IRS Rev Rul 99-7 and attached Marin Johnson Tax Court Decision**, his auto mileage and possibly other travel-related costs are **FULLY DEDUCTIBLE** as follows:

```
12 Days x  $42 Tampa, Florida                  =    504.
       Rental Cars & Other Travel Related Costs =   903.
                                                  -------
Total U.S. Tax Court & Other Sailor Travel Expenses Allowed   16,173.
                                                              =======
```

Petitioners concede that they are not entitled to any mileage or rental car expense deductions claimed for 2003. Petitioners have not provided any receipts, other documentation, or explanations to substantiate the amounts or business purposes, if applicable, of the expenses claimed for tax preparation fees and "Sailor Req'd Phone/Pager" for 2003.

                              OPINION

Section 162 permits taxpayers to deduct all ordinary and necessary business expenses paid or incurred during the taxable year and specifically includes traveling expenses (including amounts expended for meals and lodging other than amounts that are lavish or extravagant under the circumstances) while away

from home in the pursuit of a trade or business. Sec. 162(a)(2). Section 274(d) generally disallows any deduction under section 162 for, among other things, "any traveling expense (including meals and lodging while away from home)" unless the taxpayer complies with stringent substantiation requirements as to the amount, time and place, and business purpose of the expense. Sec. 274(d)(1). Section 274(d) authorizes the Secretary to provide by regulations that some or all of these substantiation requirements "shall not apply in the case of an expense which does not exceed an amount prescribed pursuant to such regulations."

Under the applicable section 274 regulations, the Commissioner is authorized to prescribe rules under which optional methods of computing expenses, including per diem allowances for ordinary and necessary expenses for traveling away from home, may be regarded as satisfying the substantiation requirements of section 274(d). Sec. 1.274-5(j), Income Tax Regs. Under this authority, the Commissioner issued Rev. Proc. 2001-47, 2001-2 C.B. 332 (applicable to petitioner's travel January through September 2002); Rev. Proc. 2002-63, 2002-2 C.B. 691 (applicable to petitioner's travel October 2002 through October 2003); and Rev. Proc. 2003-80, 2003-2 C.B. 1037 (applicable to petitioner's travel November and December 2003) (collectively, the applicable revenue procedures). Under the

applicable revenue procedures, taxpayers may elect to use, in lieu of substantiating actual expenses, certain authorized methods for deemed substantiation of employee lodging, meal, and incidental expenses incurred while traveling away from home. Rev. Proc. 2002-63, sec. 1, 2002-2 C.B. at 691, and Rev. Proc. 2003-80, sec. 1, 2003-2 C.B. at 1037, each provide the following introduction:

SECTION 1.  PURPOSE

This revenue procedure updates * * * [the previous revenue procedure relating to per diem allowances] by providing rules under which the amount of ordinary and necessary business expenses of an employee for lodging, meal, and incidental expenses or for meal and incidental expenses incurred while traveling away from home will be deemed substantiated under section 1.274-5 of the Income Tax Regulations when a payor (the employer, its agent, or a third party) provides a per diem allowance under a reimbursement or other expense allowance arrangement to pay for the expenses.  In addition, this revenue procedure provides an optional method for employees and self-employed individuals who pay or incur meal costs to use in computing the deductible costs of business meal and incidental expenses paid or incurred while traveling away from home.  This revenue procedure also provides an optional method for use in computing the deductible costs of incidental expenses paid or incurred while traveling away from home by employees and self-employed individuals who do not pay or incur meal costs and who are not reimbursed for the incidental expenses.  Use of a method described in this revenue procedure is not mandatory, and a taxpayer may use actual allowable expenses if the taxpayer maintains adequate records or other sufficient evidence for proper substantiation.
* * *

Rev. Proc. 2001-47, sec. 1, 2001-2 C.B. at 332, is almost identical to the passage quoted above, but the following sentence is omitted:

> This revenue procedure also provides an optional method for use in computing the deductible costs of incidental expenses paid or incurred while traveling away from home by employees and self-employed individuals who do not pay or incur meal costs and who are not reimbursed for the incidental expenses. * * *

Rev. Proc. 2002-63, sec. 4.05, 2002-2 C.B. at 694, and Rev. Proc. 2003-80, sec. 4.05, 2002-2 C.B. at 1040, expressly provide that taxpayers who do not pay or incur meal expenses when traveling away from home may use, in lieu of providing actual receipts to substantiate incidental expenses, an established per diem rate of $2 or $3, depending on which revenue procedure is applicable for the date of travel. Rev. Proc. 2001-47, sec. 4, 2001-2 C.B. at 333-334, which provides specific rules for the per diem substantiation method, does not contain a similar provision. However, we have previously held that the incidental portion of the M&IE per diem rates may be used as deemed substantiation of incidental expenses when meals are provided by a taxpayer's employer. Johnson v. Commissioner, 115 T.C. 210, 210-211 (2000).

Rev. Proc. 2001-47, sec. 6.01, 2001-2 C.B. at 337; Rev. Proc. 2002-63, sec. 6.01, 2002-2 C.B. at 698; and Rev. Proc. 2003-80, sec. 6.01, 2003-2 C.B. at 1043, each provide that the Federal M&IE rate will be applied, with stated exceptions, in the same manner as applied under the Federal Travel Regulations, 41

C.F.R. secs. 301-311, in effect at the time each respective revenue procedure was released.

<u>Deductions for Meals and Incidental Expenses</u>

Petitioner's employer, Hornbeck, furnished him with lodging and meals without charge while he worked on its vessel during the years in issue. Hornbeck also provided to petitioner uniforms and safety equipment required in his employment. Although petitioner did not pay for his meals while at sea or while docked in ports, petitioners deducted the full M&IE rate for each day that petitioner worked aboard the tugboat during the years in issue.

Petitioners argue that the applicable revenue procedures, in conjunction with the Federal Travel Regulations, 41 C.F.R. sec. 301-11.17, permit them to deduct the full applicable M&IE rate for work-related travel even though all of petitioner's meals were provided to him free of charge by his employer. The Federal Travel Regulations provide that a meal provided by a common carrier or a complimentary meal provided by a hotel or motel does not affect a taxpayer's otherwise allowable per diem expense deduction for meals. 41 C.F.R. sec. 301-11.17 (2000); 41 C.F.R. sec. 301-11.17 (2002); 41 C.F.R. sec. 301-11.17 (2003). Petitioner's tugboat is not a common carrier, and he did not receive meals at a hotel or motel. Additionally, the Federal Travel Regulations require that a Federal employee's M&IE rate be

adjusted for meals provided by the Government by deducting appropriate amounts for each meal provided, but not to less than the amount allowed for incidental expenses. Johnson v. Commissioner, supra at 227-228; Federal Travel Regulations, 41 C.F.R. sec. 301-11.18 (2000); 41 C.F.R. sec. 301-11.18 (2002); 41 C.F.R. sec. 301-11.18 (2003). Because, as petitioners acknowledge, the revenue procedures regarding M&IE rate deductions for non-Government employees are to be applied according to the Federal Travel Regulations for Federal employees, the regulations require that petitioner decrease the M&IE rate deduction otherwise allowable to account for meals provided by petitioner's employer.

Petitioners also argue that this issue is novel to the Court. We disagree. In Johnson v. Commissioner, supra, the taxpayer, also a merchant seaman, deducted the full Federal M&IE rates on his return, even though all of his meals were provided to him free of charge by his employer. We held that, because the taxpayer's actual expenses consisted solely of incidental expenses, his use of the M&IE rates to calculate his deductions for business expenses due to travel away from home was limited to the incidental portion of those rates. Id. at 210-211. The taxpayer established that he had incurred incidental expenses during his travel away from home and was allowed to use the incidental portion of the M&IE rates to substantiate those

expenses in lieu of providing actual receipts.  The purpose of the Federal per diem rates is to ease the burden of substantiating travel expenses away from home, not to eliminate the requirement that those expenses be incurred before they can be claimed as deductions from income.  Although petitioners contend that the Court has not yet addressed this issue, we explicitly stated in Johnson v. Commissioner, supra at 227:  "We do not read the revenue procedures to allow a taxpayer to use the full M&IE rates when he or she incurs only incidental expenses."

In her opening statement at trial, respondent's counsel conceded that petitioners were entitled to incidental expense deductions.  We will not, therefore, address respondent's arguments in posttrial briefs challenging petitioner's entitlement to a deduction for incidental expenses for 2003.  As discussed above, the Federal Travel Regulations provide that a taxpayer to whom the regulations apply and who is not reimbursed for incidental expenses will be entitled to deduct at least the incidental expense portion of the M&IE rate.  41 C.F.R. sec. 301-11.18 (2002); 41 C.F.R. sec. 301-11.18 (2003).

Petitioner is entitled to a deduction for his deemed substantiated incidental expenses for 2003 even though his meals and lodging were provided free of charge by his employer.  See Johnson v. Commissioner, supra.  Those incidental expenses shall be calculated at $2 per diem for the months January through

October 2003 and at $3 per diem for the months November and December 2003, in accordance with the applicable revenue procedures. See Rev. Proc. 2002-63, sec. 4.05; Rev. Proc. 2003-80, sec. 4.05. The pay schedule provided by Hornbeck shall be used to calculate the number of days that petitioner worked, all of which were away from home, during 2003.

The Fort Lauderdale Trip--Firefighting School

Section 274(d) limits deductions for travel expenses otherwise allowable under section 162 to those expenses that the taxpayer substantiates by adequate records or sufficient evidence corroborating the taxpayer's own statement of the amount and business purpose of the expense, as well as the time and place of the travel. Respondent argues on brief that petitioners are not entitled to the deduction for mileage-related travel expenses for petitioner's Fort Lauderdale trip to attend firefighting school because petitioners have not substantiated the business purpose of the trip. To support this position, respondent relies on the absence of testimony by petitioner about why firefighting school was ordinary or necessary for his employment or about what business benefit petitioner derived or hoped to derive from his attendance at the school. Respondent also argues that, because Hornbeck did not require or pay for the firefighting course or expenses related to that course, it was not an ordinary or necessary business expense to petitioner. Hornbeck did have a

reimbursement program for mariner continuing education that covered tuition, hotel, and meal expenses for mariner continuing education courses, but not for travel expenses.

On the Sailor Travel Statement attached to petitioners' return for 2002, petitioners explained that the purpose of petitioner's trip to Fort Lauderdale was to attend a continuing education program, the tuition for which was paid by petitioner's union.  At trial, petitioner testified that he attended a firefighting school with colleagues.  Although given the opportunity, respondent did not question petitioner regarding the business purpose of the Fort Lauderdale trip or the business benefit that petitioner hoped to derive from his attendance at the firefighting school.  Respondent's only question on cross-examination regarding the Fort Lauderdale trip was whether petitioner kept a mileage log to substantiate the miles traveled on that trip.  Petitioner answered in the negative.

We hold that petitioner has adequately substantiated the business purpose of his travel expenses related to the Fort Lauderdale trip for firefighting school.  Firefighting is related to petitioner's employment as a merchant sailor and engineer. Payment for the course by petitioner's professional union supports petitioners' characterization of the related travel expenses as ordinary business expenses.  We are not persuaded by respondent's argument that, because petitioner did not seek

reimbursement for his mileage expenses from Hornbeck, the firefighting course was not business related. Petitioner has also adequately substantiated the time, place, and amount of the travel for which he has claimed a business expense deduction. The date and place of the firefighting course is undisputed, and the parties have agreed that the distance between petitioner's home in Sarasota and Fort Lauderdale is approximately 209 miles. Because petitioner drove round trip to Fort Lauderdale for business-related training and was not reimbursed for his travel expenses, petitioner is entitled to a deduction for his April trip to and from Fort Lauderdale, calculated using the total mileage to which the parties have agreed, 418 miles, and using the applicable mileage rate for 2002. Although petitioner testified that he also incurred unreimbursed work-related travel expenses in the Fort Lauderdale area in transporting himself and coworkers from their hotel to the training facility, he has not presented a log substantiating those expenses, and his testimony does not allow us to estimate them reasonably.

Other Job-Related and Miscellaneous Expenses

Petitioners claimed other job expense deductions in 2002 for medical exams, phone and pager expenses, and supplies related to petitioner's profession. In 2003, petitioners claimed deductions for tax preparation fees and again for phone and pager expenses. However, they have provided no substantiation regarding the

amounts of these expenses or the job-related business purpose for those expenses.  Petitioner's employer, Hornbeck, did not require its sailors to carry cell phones or pagers and provided its employees with required safety equipment and supplies during the years in issue.  Thus, even if the amounts had been substantiated, these expenses were not ordinary or necessary business expenses and were properly disallowed by respondent as deductions.

In reaching our decision, we have considered all arguments made, and, to the extent not mentioned, we conclude that they are irrelevant, moot, or without merit.

<u>Decision will be entered</u>

<u>under Rule 155</u>.